Scott Kalkin, State Bar No. 120791
**ROBOOSTOFF & KALKIN**
A Professional Law Corporation
369 Pine Street, Suite 820
San Francisco, California 94104
(415) 732-0282

Attorney for Plaintiff Kijoo Kim

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kijoo Kim, ) | ACTION NO.: |
| ) Plaintiff, ) | **COMPLAINT** |
| ) v. ) | |
| The Lincoln National Life Insurance Company, ) | |
| ) Defendant. ) | |

## JURISDICTION

1. This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502 of ERISA [29 U.S.C. § 1132], and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

## VENUE

2. Venue lies in the Northern District of California because, pursuant to ERISA § 502 (e) (2) [29 U.S.C. § 1132 (e) (2)], the Connor & Bishop Long Term Disability Plan (hereinafter the "PLAN") is administered in this District and the wrongful conduct alleged

Complaint                                                  1

herein took place in this District.  Venue is also proper pursuant to 28 U.S.C. § 1391 (b), in that a substantial portion of the events or omissions giving rise to plaintiff's claims occurred within this District.

## INTRADISTRICT ASSIGNMENT

3. This action should be assigned to the division in San Francisco pursuant to Civil Local Rule 3-2(c) and (d) because it arose from actions that occurred in the County of San Francisco, the location where a substantial portion of the long term disability and waiver of life insurance premium claims which are the subject of this lawsuit was administered.

## PARTIES

4. Plaintiff is informed and believes that defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY (hereinafter "Lincoln") is an Indiana Corporation engaged in the business of insurance within the State of California, including, but not limited to, claims administration, claims handling, insurance sales, the issuance of long term disability and life insurance policies and providing insurance coverage.

5. At all relevant times, plaintiff Kijoo Kim was an employee of Connor & Bishop. She was, and is, a PARTICIPANT, as defined in ERISA § 3 (7) [29 U.S.C. § 1002 (7)], in the PLAN.

6. At all relevant times, the Connor & Bishop Long Term Disability Plan was an employee welfare benefit plan within the meaning of ERISA § 3 (1) [29 U.S.C. § 1002 (1)], sponsored by Connor & Bishop, and administered, at least in part, in San Francisco, California.  At all relevant times, the PLAN, *inter alia*, offered life insurance and long term disability benefits to employees of Connor & Bishop, including plaintiff, through, *inter alia*, an insurance policy issued by defendant Lincoln.  Said policy carries an effective date of June 1, 2102, renews annually, and is subject to the law of the State of California.

7. At all relevant times, defendant Lincoln was a fiduciary of the PLAN within the meaning of ERISA § 3 (21) [29 U.S.C. § 1002 (21)].  At all relevant times, Lincoln exercised

Complaint                                                              2

control over the payment of the long term disability and waiver of life insurance premium benefits at issue herein.

## FACTS COMMON TO ALL CLAIMS

8. Prior to her disability, plaintiff worked full-time as an office manager for Connor & Bishop.

9. On or about October 31, 2013, plaintiff became unable to work and subsequently filed a filed a claim for disability benefits and waiver of life insurance premium benefits with defendant Lincoln and the PLAN. Plaintiff had been suffering from prolonged sickness as a result of her total disability. As a result of this, and other acute and chronic medical problems, plaintiff was found to be disabled by her treating physicians and the State of California.

10. On or about December 8, 2014, defendant Lincoln approved plaintiff's claim for disability benefits and waiver of life insurance premium benefits.

11. Between October 31, 2013, and the present, and at all other relevant times, plaintiff has complied with all terms and conditions of the PLAN and remained, and continues to remain, totally disabled under the terms of the PLAN.

12. On or about May 22, 2015, defendant Lincoln terminated plaintiff's claim for long term disability benefits and waiver of life insurance premium benefits under the PLAN, effective January 30, 2016, alleging that certain information in its possession indicated that plaintiff no longer met the definition of disability under the terms of the PLAN.

13. On November 17, 2015, plaintiff appealed Lincoln's denial of her benefits. Among other things, plaintiff sent Lincoln additional documentation of her disability and asked that it pay her benefits.

14. On or about February 16, 2016, Lincoln denied plaintiff's appeal.

15. On October 27, 2016, plaintiff filed a second level appeal of Lincoln's denial of her disability and waiver of life insurance premium benefits. Again, plaintiff sent Lincoln additional documentation of her disability and asked that it pay her benefits.

16. On or about March 1, 2017, Lincoln denied plaintiff's second level appeal.

17. Plaintiff has exhausted her administrative remedies.

18. At all relevant times herein, plaintiff has been, and remains, totally disabled and entitled to benefits under the terms of the PLAN.

**FIRST CLAIM FOR RELIEF**
(Claim for Plan Benefits Pursuant to ERISA § 502(a) (1) (B))

19. Plaintiff realleges and incorporates as though set forth in full the allegations contained in paragraphs 1 through 18 of this complaint.

20. ERISA § 502(a) (1) (B) [29 U.S.C. § 1132 (a) (1) (B)], permits a participant in a plan to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or clarify her rights to future benefits under the terms of a plan.

21. By, *inter alia*, failing to pay plaintiff long-term disability and waiver of life insurance premium benefits, despite her complying with the PLAN's requirement of submitting written proof of her total disability; relying on a standard of proof not articulated in the PLAN's provisions; refusing to provide plaintiff with medical or other documentation which substantiated its decision to deny benefits; and failing to produce documents to which plaintiff was entitled pursuant to ERISA and the applicable Department of Labor Regulations (29 C.F.R. § 2560.503-1), defendant has violated, and continues to violate, the terms of the PLAN and plaintiff's rights thereunder.

**WHEREFORE,** plaintiff prays that the Court enter judgment against defendant as is hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
(For Equitable Relief Under ERISA §502(a) (3))

22. Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 21 of this complaint.

23. ERISA § 502(a) (3) [29 U.S.C. § 1132 (a) (3)], permits a participant in a plan to

bring a civil action to obtain equitable relief to redress any act or practice which violates the terms of a plan or ERISA, or to enforce any term(s) of a plan or of ERISA.

24. In its capacity as a claims fiduciary, defendant Lincoln owed plaintiff certain fiduciary duties, including that it discharge its duties:

1) for the exclusive purposes of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the PLAN;

2) with the care, skill and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

3) in accordance with the documents and instruments governing the PLAN; and

4) without misleading plaintiff or misrepresenting information about the status of her claim.

25. In refusing to pay the benefits at issue herein, defendant has violated the terms of the PLAN, ERISA, and Department of Labor Regulation 29 C.F.R. § 2560.503-1, by its acts, including, but not limited to: breaching its fiduciary duties under ERISA § 404 (29 U.S.C. § 1104); violating the terms of the PLAN; failing to furnish plaintiff with documents relating to her claim for benefits within the time period specified by the applicable Department of Labor Regulations; acting in bad faith by denying her claim in reliance upon a standard not set forth in the PLAN; failing to provide specific reference to pertinent PLAN provisions on which the denial was based; failing to provide plaintiff with a description of what information was needed to perfect her claim(s); and ignoring medical records and physicians' opinions which support plaintiff's claim.

26. Defendant Lincoln's acts and omissions as alleged herein constitute a breach of trust and its fiduciary duties owed to plaintiff.

27. As a direct and proximate result of defendant's breach of trust and its fiduciary duties as herein alleged, plaintiff has incurred consequential financial losses and defendant

Complaint                                   5

Lincoln has realized gains, meriting the imposition of an equitable surcharge against said defendant.

28. As a direct and proximate result of the improper acts and/or omissions herein alleged, plaintiff has been compelled to incur reasonable attorney's fees and other costs associated with the investigation of this claim and the prosecution of this action.

WHEREFORE, plaintiff prays that the Court enter judgment against the defendant as follows:

**PRAYER FOR RELIEF**

A. Declare that defendant violated the terms of the PLAN and plaintiff's rights thereunder by failing to pay plaintiff her long-term disability and waiver of life insurance premium benefits;

B. Order defendant to pay plaintiff all long-term disability and waiver of life insurance premium benefits due her pursuant to the terms of the PLAN, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C. Declare plaintiff's right to receive future long term disability benefit payments under the terms of the PLAN;

D. Order plaintiff's life insurance reinstated;

E. Declare that Lincoln has committed a breach of trust and breached its fiduciary duties to plaintiff and the PLAN and enjoin Lincoln from further breaches of its fiduciary duties;

F. Order Lincoln to comply with all terms of the plan and the relevant Department of Labor Regulations including those set forth in 29 C.F.R. § 2560.503-1;

G. Impose an equitable surcharge, payable to plaintiff, against defendant Lincoln, in an amount sufficient to fully compensate her for the consequences of its breach measured by financial loss to plaintiff and/or gain realized by defendant Lincoln.

H. Award plaintiff pre-judgment interest on all monies requested herein;

I. Award plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g) [29 U.S.C. § 1132 (g)]; and

J. Provide such other relief as the Court deems equitable and just.

**ROBOOSTOFF & KALKIN**

Dated: August 9, 2017                By: /s  
                                     Scott Kalkin  
                                     Attorneys for plaintiff